DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of two counts of gross sexual imposition and two counts of rape and imposed consecutive terms of imprisonment. For the reasons that follow, this court reverses the judgment of the trial court as to the sentence imposed and remands for resentencing.
 {¶ 2} Appellant sets forth the following assignment of error:
 {¶ 3} "Defendant Appellant's sentences should be reversed as the trial court failed to comply with the mandates of Revised Code §2929.14 and they are not supported by the record."
 {¶ 4} On September 5, 2001, appellant's sentencing hearing was held. At that time the trial court found that appellant had been convicted of two counts of gross sexual imposition in violation of R.C.2907.05(A)(4) and two counts of rape in violation of R.C. 2907.02(A)(2). The trial court sentenced appellant to serve four years on each of the gross sexual imposition counts, to be served concurrently, and eight years on each of the two rape counts, also to be served concurrently. The trial court further ordered the sentences for gross sexual imposition to be served consecutively to the sentences for rape, for a total incarceration of 12 years.
 {¶ 5} Appellant asserts in his sole assignment of error that
 {¶ 6} the trial court did not make the findings required by R.C.2929.14(E)(4) for imposition of consecutive sentences.
 {¶ 7} R.C. 2929.14(E)(4) provides:
 {¶ 8} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that theconsecutive service is necessary to protect the public from future crimeor to punish the offender and that consecutive sentences are notdisproportionate to the seriousness of the offender's conduct and to thedanger the offender poses to the public, and if the court also finds any of the following:
 {¶ 9} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 10} "(b) The harm caused by the multiple offenses while the offender was awaiting trial or sentencing was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." [Emphasis added.]
 {¶ 12} The trial court in this case stated in its sentencing judgment entry that "the shortest prison term will demean the seriousness of the offender's conduct in that defendant was the natural father of the victims and the harm caused was great and unusual with two natural children as the victims over a lengthy period of time." This satisfies the requirements of R.C. 2929.14(B) for imposition of a sentence greater than the minimum.
 {¶ 13} The trial court did not, however, make a finding on the record pursuant to R.C. 2929.14(E)(4) that the consecutive service is necessary to protect the public from future crime or to punish appellant and that consecutive sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." At the sentencing hearing, the trial court addressed the seriousness of appellant's conduct and its probable long-term effects on the victims, who were his son and daughter. The trial court referred to the charges as being "most serious because these were your own children. They were under your control. The threatening behavior that caused them not to speak out but to endure this makes it most serious."
 {¶ 14} For the foregoing reasons, this court must find that the trial court failed to comply with the requirements of R.C. 2929.14(E)(4) for imposition of consecutive sentences and, accordingly, appellant's sole assignment of error is well-taken.
 {¶ 15} Based upon the foregoing, the judgment of the trial court is reversed only as to the trial court's order that the sentences in this case be served consecutively. This case is remanded to the trial court for resentencing consistent with this decision. Costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L.Pietrykowski, J., CONCUR.